# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,                                    Crim. No. 20-150 (NEB/BRT)

                            Plaintiff,

v.
                                                             **ORDER**

Gregory Lynn McCoy,

                            Defendant.

David J. MacLaughlin, Esq., and Joseph Teirab, Esq., Assistant United States Attorney, counsel for Plaintiff.

Kevin M. O'Brien, Esq., counsel for Defendant.

This matter is before the Court on Defendant Gregory Lynn McCoy's Pro Se Motion for Ineffective Counsel.[1] (Doc. No. 34.) Therein, Defendant asserts that he should be assigned substitute counsel because he and his current defense counsel have a conflict of interest. The Court held a hearing on this motion on September 24, 2020 (*see* Doc. No. 37). At that hearing, the Court heard argument from Defendant as to why his motion should be granted, and also heard from defense counsel, who stated that he does not oppose Defendant's motion. Plaintiff opposed the motion.

---

[1]     Although Defendant uses the term "ineffective counsel" in the title of his motion, the motion is not in fact based on counsel being ineffective, but on an alleged conflict of interest. By granting this motion, the Court in no way agrees that counsel was "ineffective," but finds that substitution of counsel is still necessary for other reasons.

To succeed on a motion for substitution of counsel, a criminal defendant must show "justifiable dissatisfaction," such as "a conflict of interest, an irreconcilable conflict, or a complete breakdown in communication between the attorney and the defendant." *United States v. Jones*, 795 F.3d 791, 796 (8th Cir. 2015); *see also United States v. Taylor*, 652 F.3d 905, 908 (8th Cir. 2011) "When faced with a motion to appoint substitute counsel, the district court must balance several factors, including the need to ensure effective legal representation, the need to thwart abusive delay tactics, and the reality that a person accused of crime is often genuinely unhappy with an appointed counsel who is nonetheless doing a good job." *United States v. Kelley*, 774 F.3d 434, 438 (8th Cir. 2014).

Here, based on the statements made by Defendant and defense counsel at the hearing, the Court finds that there is no evidence of a conflict of interest as alleged by Defendant. However, the Court does find that there has been a complete breakdown in communication between defense counsel and Defendant and that the substitution of counsel is therefore justified. Accordingly, Defendant's motion (Doc. No. 34) is **GRANTED IN PART** and **DENIED IN PART**, and **IT IS HEREBY ORDERED** that substitute counsel shall be appointed as soon as possible to continue the representation of Defendant before the Court.

Date:  September 28, 2020

 *s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge