# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 20-150 (NEB/BRT) |
| Plaintiff, | |
| v. | **ORDER** |
| Gregory Lynn McCoy, | |
| Defendant. | |

David J. MacLaughlin, Esq., and Joseph Teirab, Esq., Assistant United States Attorney, counsel for Plaintiff.

Matthew J. Mankey, Esq., counsel for Defendant.

This matter is before the Court on Defendant Gregory Lynn McCoy's Pro Se Motion to Proceed Pro Se with Standby Counsel. (Doc. No. 58.) Therein, Defendant requested to proceed pro se and to allow his current counsel, Mr. Mankey, to be stand-by counsel. (*Id.*) The Court held hearing on this motion via Zoom on February 4, 2021, with Defendant's oral consent. (*See* Doc. No. 68.) At the hearing, Defendant confirmed that he wished to proceed pro se. Defendant's counsel had no objection to Defendant's motion under the circumstances and noted his willingness to proceed as Defendant's stand-by counsel.

The Court first conducted an ex parte examination of Defendant and his defense counsel, without the presence of the Government, because of a general reference to a conflict of interest in Defendant's motion. The Court concluded the ex parte session and

continued with the hearing on Defendant's motion to proceed pro se. Counsel for the parties were present. Without objection from Defendant's counsel, the Court conducted a *Faretta* colloquy on the record with Defendant, informing him of his right to be represented by an attorney as well as cautioning him as to the potential hazards of proceeding to trial without counsel. *See Faretta v. California*, 422 U.S. 806, 835 (1975). The Government also questioned the Defendant. After the Government's follow up questions, the Court again confirmed that Defendant understood his right to counsel, understood the hazards of proceeding without counsel, and still wished to waive his right to counsel and proceed pro se. The Court also heard from Defendant's counsel, who acknowledged that based on Defendant's objection that a conflict of interest exists, it would be difficult to serve as stand-by counsel.

As stated on the record, the Court finds that Defendant's waiver of his Sixth Amendment right to counsel is "knowing, voluntary, and intelligent." *Iowa v. Tovar*, 541 U.S. 77, 88 (2004). Defendant's statements indicate that Defendant "knows what he is doing" and that his decision to proceed pro se is being made "with eyes open." *Id.* at 88. Thus, Defendant's motion to proceed pro se will be granted in part.

Although Defendant's motion sought to permit Mr. Mankey to continue as stand-by counsel, at the hearing Defendant objected to Mr. Mankey serving in that role based on Defendant's general reference to a conflict of interest. The Court does not find any evidence of a conflict of interest. Indeed, the Court notes that Mr. Mankey has made efforts to work on behalf of Defendant. However, to avoid further litigation regarding the

appointment of Mr. Mankey as standby counsel, the Court will permit Mr. Mankey to withdraw as soon as standby counsel is appointed.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Defendant's Pro Se Motion to Proceed Pro Se with Standby Counsel (Doc. No. 58) is **GRANTED IN PART** and **DENIED IN PART**;

2. Defendant is permitted to proceed pro se; and

3. Defendant shall be appointed standby counsel as soon as possible.

Date: February 5, 2021

                                         *s/ Becky R. Thorson*
                                         BECKY R. THORSON
                                         United States Magistrate Judge