UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.20-CR-150 (NEB/BRT)

UNITED STATES OF AMERICA,
PLAINTIFF,

DEFENDANT'S AFFIDAVIT
IN SUPPORT OF FRANKS
HEARING

V.

GREGORY LYNN MCCOY,
DEFENDANT.



I, Gregory Lynn McCoy, after first being duly sworn do hereby depose as follows:

1. I am the defendant in the above-entitled matter.

2. I make this affidavit in support of my motion for a Franks Hearing.

3. Officer Marshall the affiant of the search warrant application willfully neglected to include exculpatory information that if included would have negated probable cause for the search warrant executed at 2930 Sheridan Avenue North in Minneapolis Minnesota on October 22, 2019.

4. Specifically, law enforcement allegedly received information from a Confidential Reliable Informant, (CRI) that a man named "Greg" sells Cocaine and Marijuana and uses a handgun for intimidation and protection. This conduct allegedly occurred in the area of 29th and Sheridan Avenue North in Minneapolis but police did not have a specific address, or collaborated this information about "Greg" selling drugs or possessing a gun. The CRI provided a phone number used to contact "Greg" 612-458-0114. Though investigation including the clear and DVS websites Officer Marshall obtained a picture of Gregory McCoy and showed it to CRI who indicated that it was the "Greg" about whom she was referring. But Officer Marshall received conflicting information about my residence that he failed to convey to the Magistrate.

1



5. Through the DVS website Officer Marshall learned that at one time I owned a 2002 Chevrolet trail Blazer that was registered to 2939 Sheridan Avenue North, but a full review of the information on file with DVS list my address to 11th Avenue East in the city of North St. Paul. The inclusion of this contradictory information would would have reduced the probable cause for the search warrant as it diminished the nexus between any alleged activities of "Greg" and the boarding house at 2939 Sheridan.

6. The Search warrant application also failed to truthfully report all relevant information about the phone number alleged to be use by "Greg." The phone records indicate that 612-458-0114 is billed to a "Craig Davis" who lives on West Broadway in North Minneapolis. Failure of the officer to include this information is made more important by the fact that West Broadway is very close to 29th and Sheridan. In light of the CRI's inconclusive information about where "Greg" Lives the inclusion of this information in the affidavit would have significantly diminished probable cause.

7. The initial information provided by the CRI dealt with an individual know only as "Pumpkin" with whom "Greg" allegedly stays with. The officer failed to include contradictory information regarding this individual's address and phone records as well. Specifically, the CRI gave police a phone number 612-403-2077 that Officer Marshall "researched" and learned the person associated with the phone number is one John Turnage. But was billed to 1771 Kent Street in Roseville Minnesota.The inclusion of this contradictory information would have further negated probable cause regarding the nexus to 2939 Sheridan Avenue. Not only was it not included in the application, but to the best of your affiant's knowledge this alternate address was not investigated.

8. The application attempted to establish a connection to 2939 Sheridan by averring that a 2002 Chevrolet Blazer was parked in front of 2939 Sheridan several times. The reason this information should not have been included is that there is no mention of when the vehicle was

allegedly seen in that location. I sold that vehicle weeks before the execution of the warrant. Therefore if the vehicle were observed in that location it would have been stale information by the time the application was made. Inclusion of this information would have negated probable cause. Selectively Choosing to exclude this information is evidence of reckless disregard for the truth of the content of the application.

9. After the boarding house at 2939 Sheridan Avenue was searched. Law enforcement officers left the residence and preceded to preform a dog sniff search of a Dodge Durango License plate number DLP311 down the street from the residence in question. The Canine allegedly indicated a positive response to narcotics to this vehicle. The vehicle in question was not even included under the grounds of the search warrant. The dog's allegedly positive hit on the vehicle for narcotics is curious in light of the fact no drugs were ever found in the vehicle, and represents just one more "fact" which casts doubt on the veracity of law enforcement officers at the scene.

10. Officer Marshall did or should have spoken with my probation agent, Quinten L. Billingslea. Billingslea would have then informed him that I only leased a single room from the boarding house at 2939 Sheridan Avenue. He obviously knew that I was on federal probation and knew Mr. Billingslea was my P.O. Because Officer Marshall told me that I would have to explain to Mr. Billingslea if contraband were found pursuant to the search warrant.

11. He Also knew that John Turnage was on Federal probation. He did check or should have checked on his probation status and found out that his address listed with U.S. probation was 3400 Tyler St. N.E. Minneapolis, Minnesota 55418 which would have negated probable cause if added to the application for the search warrant at 2939 Sheridan Avenue N.

12. The attempt to establish a nexus between drugs and guns on the part of John Turnage that according to the CRI is supposed to stay near 29th Avenue N. and Sheridan Avenue North, and said that he drives a black range rover. Officer Marshall said that he observed a black Range

Rover License plate number DCU066 in the rear of 2939 Sheridan Ave. North and took a photograph of it and showed it to the CRI who said it looked identical to the Range Rover that she had seen Gregory McCoy driving. But what Officer Marshall failed to add to his application for the search warrant for the boarding house at 2939 Sheridan Avenue N. is that License plate number DCU066 had no ties to 2939 Sheridan Avenue North, and was registered to a Denise Elisabeth Pickford at 3400 Tyler St. N.E. Minneapolis Minnesota. This fact would have diminished probable cause even more so this omission strongly suggests reckless disregard for the truth.

13. There is no documentation what so ever that John Turnage lives at the boarding house at 2939 Sheridan Avenue North in Officer Marshall's application other than the conclusory statement that Turnage was seen as he left his residence at 2939 Sheridan Avenue North

FURTHER YOUR AFFIANT SAYETH NAUGHT

Subscribed and sworn to this 3rd

Day of December 2020

_____
Gregory Lynn McCoy

_____
Notary Public

RUSSELL LEO BARTELL
NOTARY PUBLIC - MINNESOTA
My Commission Expires Jan. 31, 2024

Dated December 01/2020

Respectfully submitted,

*/s/ Gregory Lynn McCoy*
13880 Business Ctr Dr NW, Suite 200
Elk River, Minnesota 55330

5