UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 20-150 (NEB/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) **DEFENDANT'S MOTIONS** |
| | ) **IN LIMINE** |
| GREGORY LYNN MCCOY, | ) |
| Defendant. | ) |

The defendant, Gregory Lynn McCoy, through his undersigned counsel, hereby moves the Court for an Order exclude and to prohibit the government from introducing evidence regarding the following matters:

1)  Exclude all evidence and witnesses regarding the discovery or presence of controlled substances, drug paraphernalia and other drug-related evidence allegedly found in the house where Mr. McCoy allegedly resided. The government has not provide any formal written notice as required by Fed. R. Evid. 404(b)(3) of its intent to offer evidence of other bad acts and the purposes for which such evidence is being offered. The evidence is further highly prejudicial but irrelevant and confusing because Mr. McCoy is charged with unlawful possession of a firearm and not drugs. All of the drugs and drug-related items were found in the home, and not the vehicle where the firearm that Mr. McCoy is charged with possessing. There were no controlled substances found in the vehicle. Therefore, the government lacks evidence that there was a connection between the gun and drugs. Prior 8th Circuit case law has approved the admission of evidence regarding drugs found in the same location as the firearm. "Firearms are known 'tools of the trade'

of narcotics dealing because of the dangers inherent in that line of work." See e.g. United States v. Simon, 767 F.2d 524, 526-27 (8th Cir. 1985)(drug-related evidence found on defendant and on top of desk in bedroom where firearm was located, thereby showing connection between defendant and desk); United States v. Fuller, 887 F.2d 144, 147 (8th Cir. 1989)(drug paraphernalia found in same apartment where defendant was arrested with firearm; United States v. Claybourne, 415 F.3d 790, 796–97 (8th Cir. 2005)(drug-related evidence in same bedroom where gun was found); United States v. Fogg, 922 F.3d 389, 393 (8th Cir. 2019)(drug-related evidence found in same area of vehicle where firearm was found); United States v. Williams, 796 F.3d 951, 961–62 (8th Cir. 2015)(firearm and drug-related evidence found in defendant in course of same pat-down search). There was no comparable proximity between the firearm and drug-related evidence in this case, thereby negating grounds for admitting it. Any probative value is further substantially outweighed by unfair prejudice and a risk of confusion to the jury, and therefore inadmissible of Fed. R. Evid. 403. The jury will obviously be prejudiced by the evidence of drugs found in the home, which is why the government appears to have more exhibits and witnesses pertaining to the drugs than the firearm. The presentation of a drug case will inevitably prejudice and confuse the jury whose responsibility in this case is to decide only whether Mr. McCoy possessed a firearm.

    2) Exclude evidence of other alleged bad acts. The government has not provided notice of any other prior alleged bad acts it seeks to introduce under Fed. R. Evid. 404(b)

other than prior felony convictions for purposes of prove the element of the charged offense that Mr. McCoy was convicted of a felony. If the government must be barred from offering any any evidence of prior bad acts other than for the purpose of proving this one of the element of the charged offense.

    3) Exclude extraneous and cumulative evidence of prior convictions. The government's exhibits containing records of Mr. McCoy's prior convictions often contain multiple documents setting forth factual allegations which may or may not have been proven, and which would be prejudicial and unnecessary to proving the facts of a felony conviction or that the felony was violent for purposes of Mr. McCoy qualifying as an armed career criminal. Evidence beyond the fact of conviction should be barred as hearsay, irrelevant and overly prejudicial under Rule 403.

    4) Exclude the purported expert testimony of BCA Special Agent Michael Flanagan. The government has stated that Flanagan will testify to the following:

> the nature and structure of the illegal drug business, specific roles and tasks that individuals may take on as drug conspiracy participants, the secret nature of drug trafficking, as well as the consequences of that secrecy, and the tools used in the illegal drug business, including but not limited to firearms and cash. Special Agent Flanagan will also testify to the ability of odors from controlled substances to remain in areas (particularly vehicles) after controlled substances are removed and the nature of canine sniffs in light of residual odors.

This evidence should be exclude as irrelevant and overly prejudicial under Rule 403 for the reasons stated in #1 above. The government has also provided inadequate notice of specific opinions that the agent will testify to in this case, and the grounds for such

opinions, thereby failing to comply with Fed. R. Crim, P. 16(a)(1)(G). The government further cannot establish the necessary foundations or reliability of this witness and the evidence he seeks to provide pursuant to Fed. R. Evid. 602, 701-703, 901 and <u>Daubert v. Merrill Dow Pharmaceuticals, Inc.</u>, 113 S.Ct. 2786, 2797 (1993)  The information about Flanagan's background provided by the government indicates no specific scientific training to authoritatively opine about the actions of drug dealer or the nature of controlled substances. In the alternative, Defendant requests a <u>Daubert</u> hearing to determine the admissibility of the evidence.

     5) Exclude evidence of alleged positive alert for drugs by canine at Mr. McCoy's alleged vehicle.  As explained in #1 above, drug evidence is irrelevant given that no drugs were found in the vehicle. A mere positive alert for drugs where no drugs were found is not sufficiently probative as to Mr. McCoy having a connection with drugs. Even if drugs had been present, they could have been on the person of another occupant of the vehicle or their could have been trace amounts on some object in the vehicle unbeknownst to Mr. McCoy. The government further cannot establish sufficient reliability on the part of the dog to justify admission of his alleged positive alert as evidence of the presence of drugs in the vehicle. The government has only provide a purported certification in July, 2019 and no training records. There is no documentation of any testing or error rate to assess the dog's reliability as required under  <u>Daubert</u>, 509 U.S. at 594. If the Court does not summarily deny this evidence, Mr. McCoy requests a full <u>Daubert</u> hearing to establish the

reliability of the methodology regarding the dog sniff utilized as well as the dog itself. Mr. McCoy further requests immediate full disclosure of all training records for the dog.

      6) Exclude evidence of Mr. McCoy's prior criminal convictions for purposes of impeachment under Fed. R. Evid. 609. The government has indicated evidence of a burglary conviction in 1983, possession of a molotov cocktail in 1986, simple robbery in 1989, attempted burglary in 1991, burglary in 1995, receiving stolen property in 1995, felony assault in 1995, and felon in possession in 2000. Fed.R.Evid. 609(b) provides limitations on the use of prior convictions for impeachment purposes if:

> more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

More than ten years have passed since all of Mr. McCoy's prior convictions except for the felon in possession conviction for which he was released from custody within the past ten years. There is no basis for concluding that the probative value of these convictions substantially outweighs their prejudicial effect. The prosecution has not given any written notice of its intent to use these convictions for impeachment purposes. Rule 609(b) establishes "a rebuttable presumption against the admissibility of prior convictions more than ten years old." United States v. Stoltz, 683 F.3d 934, 940 (8th Cir. 2012)(quoting United States v. Felix, 867 F.2d 1068, 1073 (8th Cir.1989)). "Such stale convictions

'should be admitted very rarely and only in exceptional circumstances..." Id. (quoting Felix).  The government cannot demonstrate exceptional circumstances.

With respect to the conviction that is less than ten years old, the government has the burden of establishing that the probative value of the evidence outweighs its prejudicial effect.  United States v. Hendershot, 614 F.2d 648, 653 (9th Cir. 1980).  Other circuits have cited five factors to consider in determining the admissibility of prior convictions for impeachment purposes:  1) the impeachment value of the prior crime; 2) the point in time of the conviction and the defendant's subsequent history; 3) the similarity of the past crime and the charged crime; 4) the importance of the defendant's testimony; 5) the centrality of the credibility issue.  United States v. Alexander, 48 F.3d 1477, 1488 (9th Cir. 1995)(citing United States v. Browne, 829 F.2d 760, 762 (9th Cir. 1987)); see also State v. Jones, 271 N.W.2d 534, 538 (Minn. 1978)(applies identical test under Minnesota law). The felon is possession conviction (as well as the other convictions) have little if any impeachment value because they do not involve dishonesty. The felon in possession conviction is particularly prejudicial because it is the same as the crime charged in the instant case and therefore will encourage the jury to improperly conclude that Mr. McCoy has a propensity to commit crimes rather than providing impeachment value.  Mr. McCoy's testimony is extremely important in this case because no one else is in a position to directly confirm or deny his connection to the firearm. He

should not be discouraged from testifying by having to be impeached with prior conviction of little if any probative value.

Dated:  October 6, 2021           LAW OFFICE OF JORDAN S. KUSHNER

                                      By s/Jordan S. Kushner
                                           Jordan S. Kushner, ID 219307
                                           Attorney for Defendant
                                           431 South 7th Street, Suite 2446
                                           Minneapolis, Minnesota  55415
                                           (612) 288-0545