UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. 20-150 (NEB/BRT)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | **DEFENDANT'S RESPONSE TO** |
| ) | **GOVERNMENT'S MOTIONS** |
| GREGORY LYNN MCCOY, ) | **IN LIMINE** |
| ) | |
| Defendant. ) | |

The defendant, Gregory Lynn McCoy, through his undersigned counsel, hereby responds to the government's motions in limine as follows:

**1.    Evidence of Drugs Found in Search of House.**

The defense demonstrated the inadmissibility of this evidence in its own motion in limine to exclude this evidence. (Doc. 152 at 1-2). In contrast to other cases cited by the government and the defense, the drugs and the gun were found in the instant case were not in close proximity. Although there is some authority which unreasonably upholds extremely broad discretion by the trial court to adopt the assumption anyone involved in drugs likely possesses guns, the Court can apply any arguable discretion it has in this case far more reasonably by limiting the extremely prejudicial drug evidence that was not physically proximate to the gun that was discovered.

The government's other primary cite in support of admitting the drugs as intrinsic evidence, United States v. Young, 753 F.3d 757, 770 (8th Cir. 2014), is not instructive. Young was a murder-for-hire case where the victim was defendant's husband and the court allowed evidence that the defendant has relationships with other men and discussed

divorcing her husband because the evidence showed her motive to kill her husband. The instant case does not involve a specific intent crime where motive is critical to the case. A person can be involved in drug possession or sales with or without possessing a firearm. The fact that police often find connections does not establish that they must be connected in every case. The government has not produced any authoritative statistical evidence showing any degree of probability that persons involved with drugs possess guns.

**2.      Prior Firearms Conviction.**

This extremely prejudicial evidence should be excluded. The prior 8th Circuit cases upholding admission of prior crimes involving firearms in firearm possession cases have not involved convictions as old as nineteen years. <u>United States v. Walker</u>, 470 F.3d 1271, 1275 (8th Cir. 2006) and <u>United States v. Williams</u>, 796 F.3d 951, 959 (8th Cir. 2015) admitted evidence of convictions that were 18 years old. There has been concerned expressed that convictions so old exceed "the outer limits of Rule 404(b) admissibility." <u>Walker</u>, 470 F.3d at 1276 (Melloy dissent). Nineteen years should be deemed beyond the outer limit.

The defense further disputes the underlying jurisprudence in the 8th Circuit that prior possession of a firearm on a previous occasion is probative of knowledge of the presence of a firearm on a subsequent occasion. In reality, this is no more than propensity evidence.

**5.      Arguments that Police Conduct was Improper.**

The government seeks to preclude the defense from any contention that the the search of the Sheridan House, or the towing and search of the Dodge Durango were in any way improper because the Court denied suppression of evidence from these searches. The government provides not authority or rationale for its extreme position that a decision by the Court in pretrial proceedings precludes the defense from cross-examining agents about their conduct during the investigation of the case. Mr. McCoy was denied any evidentiary hearing on his pretrial suppression motions in this case. The Court upheld the all of the searches bases strictly on the four-corners of the warrant. There was no opportunity for Mr. McCoy to challenge the credibility of the agents or even for the Court to evaluate their credibility. Mr. McCoy will not have an opportunity to appeal to the jury to suppress the evidence - the issue decided by the Court, but he must have an opportunity to ask the jury to evaluate the police officer's conduct and how that affects their credibility - issues that are clearly relevant to whether the government can meet its burden of proof.

Dated:  October 8, 2021	LAW OFFICE OF JORDAN S. KUSHNER

By s/Jordan S. Kushner
Jordan S. Kushner, ID 219307
Attorney for Defendant
431 South 7th Street, Suite 2446
Minneapolis, Minnesota  55415
(612) 288-0545